IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: DAVID DULANEY and AMY LONG-DULANEY     No. 5:14-bk-73500
                                                                                                        Ch. 13

DAVID DULANEY and AMY LONG-DULANEY                           PLAINTIFFS

v.                                5:15-ap-7077

NATIONSTAR MORTGAGE LLC                                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Before the Court are the debtors' *Adversary Complaint to Determine Validity of Secured Status Under 11 U.S.C. § 506, Violation of the Fair Debt Collection Practices Act and Related Matters* filed on July 13, 2015, and *Nationstar Mortgage LLC's Motion to Dismiss Complaint and Incorporated Brief in Support* filed on August 11, 2015. The Court initially set the motion to dismiss by Nationstar Mortgage LLC [Nationstar] for hearing on October 6, 2015. On December 5, 2016, the parties filed their eighth request for a continuance, which the Court denied.[1] The Court held a hearing on Nationstar's motion to dismiss on December 7, 2016.

In its motion, Nationstar relies on two arguments for its motion to dismiss the debtors' complaint. First, with regard to the debtors' count I–Objection to Secured Status of the Claim–Nationstar argues that the debtors do not have standing to challenge the endorsements contained on the related promissory note. Second, with regard to the debtors' count II–Violation of the Federal Fair Debt Collection Practices Act–Nationstar argues that the debtors have failed to state sufficient facts to state a claim that is plausible on its face under the Act [FDCPA]. The debtors never responded to Nationstar's motion

---

[1] The Court is puzzled by the requested continuance. When asked at the hearing whether the parties were still in settlement negotiations, Nationstar stated unequivocally that there was no way the parties would be able to settle the case and that the case needed to proceed to trial.

to dismiss but counsel for the debtors requested time to argue the debtors' position at the hearing on December 7, 2016, which the Court permitted. For the reasons stated below, the Court denies Nationstar's motion to dismiss in its entirety.

**Motion to Dismiss Count I**

Nationstar's first argument is that the debtors do not have standing to challenge the endorsements that appear on the promissory note attached to Nationstar's proof of claim. Standing is a jurisdictional question. The United States Constitution confers the power to decide "cases and controversies" on the federal judiciary. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1546-47 (2016). The doctrine of standing to sue developed to ensure that federal courts did not exceed their authority to decide such cases and controversies and "limits the category of litigants empowered to maintain a lawsuit . . . to seek redress for a legal wrong." *Spokeo*, 136 S. Ct. at 1547. In *Spokeo*, the Supreme Court re-stated the "irreducible constitutional minimum" of standing consisting of three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The burden is on the debtors to show that they "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citing *Lujan*, 504 U.S. at 560)). A particularized injury must affect the debtors in a personal and individual way, whereas a concrete injury must be "'*de facto*'; that is, it must actually exist." *Id*. Both injuries are required.

Were the Court simply to consider the cases cited in Nationstar's motion to dismiss and its argument that the debtor was not a party to the assignments and endorsements that involved Nationstar, the Court might agree that the debtors have not pled an injury sufficient to establish standing to object to Nationstar's secured status. At first blush, the debtors appear to have simply challenged the contractual rights of the parties to the

assignment.[2] The law in the Eighth Circuit is clear: an uninjured borrower, as a third party, lacks standing to challenge the transfer of the borrower's mortgage loan. *Quale v. Aurora Loan Servs., LLC*, 561 F. App'x 582, 583 (8th Cir. 2014) (unpublished per curiam opinion cited with approval by *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372 (8th Cir. 2016) ("The party injured in an improper or fraudulent assignment is the mortgagee-assignor (mortgage holder), not the mortgagor (homeowner).");  *In re Baber*, 523 B.R. 156, 160-61 (Bankr. E.D. Ark. 2014) (finding debtors lack standing to challenge validity of assignment of their mortgage where debtors allege no cognizable injury and citing cases in support).

However, a close reading of the debtors' complaint bespeaks a challenge both to Nationstar's status as a secured creditor and its Proof of Claim based on a failure to comply with Arkansas's version of the Uniform Commercial Code [UCC]. Section 502 of the bankruptcy code states that a party in interest may object to a creditor's claim, at which time the court shall determine the amount of the claim. 11 U.S.C. § 502. The first exception to an allowed claim is that the "claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . . ." 11 U.S.C. § 502(b)(1). In this instance, the debtors are challenging the validity of the signatures of Cynthia Combs on the endorsements that appear in the allonge to the note for failure to comply with the UCC. In other words, the challenge is not based on the contractual agreement between the parties, rather it is a challenge "as a matter of law" under the UCC. *See, e.g., In re Phillips*, 491 B.R. 255, 272-73 (Bankr. D. Nev. 2013); *Washington v. Saxon Mtg. Servs.* (*In re Washington*), 469 B.R. 587, 591 (Bankr. W.D. Penn. 2012).

---

[2] At the hearing on the motion to dismiss, counsel for the debtors also argued that the alleged violation of the FDCPA was tantamount to an invasion of a legally protected interest, apparently claiming such action caused a cognizable injury to the debtors sufficient to accord standing to challenge the endorsements. However, any injury to the debtors for a violation of the FDCPA is not fairly traceable to the alleged improper assignment of the debtors' note. The injured party would be the assignor or mortgage holder, not the homeowner. *Quale v. Aurora Loan Servs., LLC*, 561 F. App'x 582, 583 (8th Cir. 2014).

Standing under *Spokeo* is not before the Court. Objecting to the claim of a creditor is a core proceeding subject to the jurisdiction of this Court.

In the debtors' complaint, the debtors attached a letter in which Nationstar has admitted that it is not the owner of the promissory note at issue. Under Arkansas law, an entity that is not the owner may enforce an instrument if it is (i) the holder of the instrument, (ii) a nonholder in possession of the instrument with the rights of a holder, or (iii) an entity entitled to enforce the instrument under other Arkansas law that is not applicable to the case before the Court. Ark. Code Ann. § 4-3-301.

Typically, the authenticity and validity of a signature on a negotiable instrument is presumed valid and admitted unless its validity is denied in the pleadings. Ark. Code Ann. § 4-3-308(a). A "presumption" means that the court must "find the existence of the fact unless and until evidence is introduced that supports a finding of its nonexistence." Ark. Code Ann. § 4-1-206. In this case, the debtors have denied the validity of the signature(s) that appear on the endorsements in accord with Arkansas law. By denying the validity of the signature, the debtors now have the burden of going forward to produce evidence that would support a finding that the signatures are invalid. Upon doing so, the burden would then shift to Nationstar to prove the authenticity of the signatures. Ark. Code Ann. § 4-3-308(a). If the endorsements are not valid, the debtors argue that the promissory note would not be bearer paper and Nationstar would not be an entity entitled to enforce the note under Arkansas law. Without a proper instrument, Nationstar may not be a secured party as stated on its proof of claim and its status as a secured creditor would be stripped. Based on the debtors' legal challenge to Nationstar's secured status, the Court finds that the debtors have standing to proceed with their first count and denies Nationstar's motion to dismiss the first count of the debtors' complaint

**Motion to Dismiss Count II**
The debtors' second count alleges a violation of the FDCPA by Nationstar. Nationstar argues that the debtors have failed to state facts in their complaint sufficient to show that

Nationstar violated one of the substantive provisions of the FDCPA. The Court disagrees.

Federal Rule of Bankruptcy Procedure 7008, which incorporates Federal Rule of Civil Procedure 8, states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard and survive a motion to dismiss under Rule 12(b), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard referenced by the Supreme Court "requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). To survive a motion to dismiss, a complaint must state a facially plausible claim for relief.

Had the debtors simply alleged a procedural defect under the FDCPA without facts to support an injury, Nationstar's argument may have merit. However, the debtors enumerate the acts of Nationstar that are alleged to be unfair or unconscionable under, *inter alia*, 15 U.S.C. § 1692f with enough detail to survive a motion to dismiss. Those acts include (i) sending multiple requests for information that was previously provided, (ii) requiring the debtors to complete mortgage modification forms multiple times, (iii) sending the debtors default letters and demands for payment despite curing the default by altering the terms of the note and mortgage, and (iv) refusing to honor a previously approved mortgage modification. Accepting these allegations as true, as the Court must do under *Iqbal*, the Court finds that the debtors have stated a claim that is plausible on its face and denies Nationstar's motion to dismiss the second count of the debtors' complaint.[3]

---

[3] Nationstar's arguments that the debtors' alleged damages exceed statutory limits under the FDCPA or the debtors' claimed exemptions are reserved for trial.

Nationstar shall have 14 days from the date of this order to file its responsive pleading to the debtors' complaint in accord with Federal Rule of Bankruptcy Procedure 7012(a).

IT IS SO ORDERED.

Ben Barry
United States Bankruptcy Judge
Dated: 12/19/2016

cc: Todd F. Hertzberg
Amy Clemmons Brown
Joyce B. Babin